UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
In re:

IRA LEE and HELEN KOH LEE,

                                Debtors,
-------------------------------------------------------------------X

ROBERT L. MERCER, individually and derivatively
as a Shareholder of ESB Labs, Inc.,
                                Appellant,
      -against-

IRA LEE and HELEN KOH LEE,

                                Appellees.
-------------------------------------------------------------------X

**MEMORANDUM & ORDER REGARDING BANKRUPTCY APPEAL**
CV 24-2862 (GRB)

**FILED
CLERK**

3/19/2025 3:16 pm

**U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

**GARY R. BROWN, United States District Judge:**

       Appellant Robert L. Mercer appeals from a purported "judgment" entered on April 2, 2024 in an adversary proceeding entitled *Robert L. Mercer v. Ira Lee and Helen Koh Lee*, No. 8-22-08045 (REG) (Bankr. E.D.N.Y.), dismissing the claims of Mercer under 11 U.S.C. §§ 523(a) against debtor Helen Koh Lee ("Helen") after a determination that her as-yet-undefined debts were dischargeable in bankruptcy. The matter proves factually rich though legally threadbare, as appellant offers no authority to support his assertion that he is entitled to an appeal as a matter of right and fails to provide a factual basis for interlocutory review.

       The underlying dispute arises largely from the actions of Ira Lee ("Ira"), Helen's spouse, who purports to have expertise in software engineering and, crucially, three-cushion billiards. Bankr. DE 44-4, ¶¶ 1-3. For a time, Ira gave billiards lessons to Mercer, who had "a long-term interest in the game." Bankr. DE 1, ¶ 8. After a short time, the pair embarked on an ill-

1

conceived a venture to "invent technologies . . . that could track billiards shots and predict the best possible shot from different table configurations [using] technologically enhanced billiards tables, cameras and sensors."[1]  Bankr. DE 1, ¶¶ 31-32.  As a result of this arrangement, Ira obtained more than $10.5 million[2] in "reimbursements" from Mercer, purportedly to cover "setting up a research lab, purchasing equipment, and hiring contractors." *Id.*  ¶¶ 32, 70.   The pinnacle of this endeavor appears to have been a 2018 Billiards Tournament held at Mercer's home to showcase their innovations, at which, perhaps unsurprisingly, "the technology did not live up to Mr. Lee's representations, [ ] did not function as intended and was unusable for the Tournament."  DE 1 ¶¶ 90-93; Bankr. DE 43 at 8; DE 2 at 21.

Mercer commenced an action in New York State Supreme Court, Nassau County, and Ira and Helen subsequently filed a chapter 7 bankruptcy petition.  Mercer filed a proof of claim against both Ira and Helen, asserting an unliquidated claim based on the claims set forth in the state court action.  Mercer commenced the instant adversary proceeding seeking to except Ira and Helen's alleged debt from the Debtors' discharge under 11 U.S.C. §§ 523(a)(2)(A), (a)(4) and (a)(6).  DE 1.

The bankruptcy court conducted the first phase of a bifurcated trial, receiving documentary evidence and witness testimony on the question of dischargeability.  DE 1-1 at 3.  Judge Grossman's decision states that this procedure was adopted on consent of the parties, and that a second phase focusing on the amount of damages would follow shortly thereafter.  *Id.*  On

---

[1] Notably, another technique that has been used by aspiring billiards players to identify good shots during play is called practice.

[2] Mercer complains of overcharges and misappropriation of those funds, while the pleadings dutifully continue to treat the dispute as the product of a legitimate business plan, though one would be hard pressed to imagine a reality in which this scheme could result in a profitable venture warranting a $10 million investment.  The situation breathes life into a well-known, unattributed axiom: "If you can't find the one being hustled in the pool room, it's you."

March 25, 2024, the bankruptcy court entered a decision finding Ira's debt to Mercer non-dischargeable under 11 U.S.C. §§ 523(a)(2)(A), (a)(4), but finding no "affirmative act by Helen that could support a finding of non-dischargeability under any subsection of § 523(a)." *Id.* at 27. Judgment was entered on April 2, 2024.  DE 1-5.

On April 16, 2024, Mercer filed a Notice of Appeal pursuant to 28 U.S.C. § 158 and the Federal Rules of Bankruptcy Procedure 8001-8006 to the United States District Court for the Eastern District of New York from the judgment to the extent that it dismissed Mercer's claims against Helen under 11 U.S.C. §§ 523(a)(2)(A), (a)(4) and (a)(6).  DE 1.  Mercer maintains that Helen's liability should be excepted from discharge under § 523(a), and alternatively even if "she had no knowledge or involvement in the scheme," Helen should be precluded from discharging any debts owed to him based on the Supreme Court's holding in *Bartenwerfer v. Buckley*, 598 U.S. 69 (2023). [3] *Id.*

## DISCUSSION

Of course, this Court has jurisdiction to review appeals from decisions of a bankruptcy court pursuant to 28 U.S.C. § 158(a), which provides in relevant part that "[t]he district courts of the United States shall have jurisdiction to hear appeals . . . from final judgments, orders, and decrees; . . . [and] with leave of the court, from other interlocutory orders and decrees . . . of bankruptcy judges."  28 U.S.C. § 158(a)(1), (3).  "An appeal under subsections (a) and (b) of this section shall be taken in the same manner as appeals in civil proceedings generally are taken to

---

[3] Notably, this case differs from *Bartenwerfer* in at least two important respects: first, in *Bartenwerfer*, the amount of the liability had already been determined by a state court proceeding, 598 U.S. at 73, whereas the alleged debt here remains unfixed.  Second, *Bartenwerfer* involved consideration of the liability of a spouse involved in a California partnership, *id.*, while here, the Lees conducted business through New York corporations.  Thus, very different rules apply.

3

the courts of appeals from district courts." 28 U.S.C. § 158(c)(2).  On an appeal, the district court may "affirm, modify, or reverse a bankruptcy court's judgment, order, or decree" or it may remand with instructions for further proceedings.  Fed. R. Bankr. P. 8013.[4]

Whether this decision is subject to appeal though turns on questions of finality.  On this question, the Supreme Court has noted:

> The provision on appeals to U. S. district courts from decisions of bankruptcy courts is 28 U.S.C. § 158(a). Under that provision, an appeal of right lies from "final judgments, orders, and decrees" entered by bankruptcy courts "in cases and proceedings." *Ibid*.  By providing for appeals from final decisions in bankruptcy "proceedings," as distinguished from bankruptcy "cases," Congress made "orders in bankruptcy cases ... immediately appeal[able] if they finally dispose of discrete disputes within the larger [bankruptcy] case." *Bullard*, 575 U.S. at 501, 135 S.Ct. 1686 (quoting *Howard Delivery Service, Inc. v. Zurich American Ins. Co.,* 547 U.S. 651, 657, n. 3, 126 S. Ct. 2105, 165 L.Ed.2d 110 (2006)); *see In re Saco Local Development Corp.*, 711 F.2d at 444–447.  In short, "the usual judicial unit for analyzing finality in ordinary civil litigation is the case, [but] in bankruptcy[,] it is [often] the proceeding." Brief for United States as *Amicus Curiae* 10.

*Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 589 U.S. 35, 39 (2020).  For its part, the Second Circuit has instructed that:

> In sum, for a bankruptcy court order to be final within the meaning of § 158(d), the order need not resolve all of the issues raised by the bankruptcy; but *it must completely resolve all of the issues pertaining to a discrete claim, including issues as to the proper relief.*

*In re Integrated Res., Inc.,* 3 F.3d 49, 53 (2d Cir. 1993) (emphasis in original).

---

[4] Mercer's appeal characterizes Judge Grossman's decision as a final determination, rather than an interlocutory appeal, which would have required the provision and certification of additional information to warrant consideration.  The Court recognizes that there might have been grounds for an interlocutory appeal.  By way of example, if the sole significant asset of the debtors was a principal residence owned via a joint tenancy by the entireties, it is possible that resolution of the dischargeability *vel non* of Helen's assets may have informed the parties as to the viability of continuing the litigation.  Having failed to even provide the Court with this information – assuming that such facts exist – the Court was not in a position to make a *sua sponte* determination as to whether Helen's liability should be excepted from discharge under § 523(a) or, alternatively, be precluded from discharge under the Supreme Court's holding in *Bartenwerfer*.

4

Here, Mercer cannot satisfy these requisites. Plainly, Judge Grossman's decision does not resolve all of the issues related to Mercer's claim, as that claim is against both debtors and encompasses purported debts which remain unfixed. Indeed, the "Judgment" appealed from expressly provides that it "does not determine damages or the allowance or disallowance of Mercer's proof of claim." DE 1-2 at 2. Whether the decision resolves Mercer's adversary proceeding is a slightly closer question, yet still presents the same issue. Read narrowly, the complaint in the adversary proceeding could be viewed as limited to the question of dischargeability. However, the document appears to encompass the possibility that the Bankruptcy Court would award damages. *See, e.g.,* DE 1 ¶ 170. By agreeing to bifurcate the matter and having the damages questions addressed by the Bankruptcy Court, Mercer placed the question beyond peradventure.

## CONCLUSION

Based on the foregoing, Mercer's appeal is denied without prejudice to renewal after the entry of a final decision by the Bankruptcy Court. The Clerk of the Court is directed to close the case.

**SO ORDERED.**

Dated: Central Islip, New York
March 19, 2025

/s/ Gary R. Brown
GARY R. BROWN
United States District Judge

5